■ TOWN OF NEW CASTLE, Respondent, v CHARLES A. KAUFMANN et al., Appellants, et al., Respondent.

Charles A. Kaufmann and Joan R. Zoldessy commenced a small claims assessment review proceeding pursuant to Real Property Tax Law article 7, title 1-A, after the denial of their complaint alleging that the assessed valuation for the 1986/1987 tax year of their single-family owner-occupied residence was excessive. The Town of New Castle challenged their right to employ the small claims assessment review proceeding on

the ground that the subject property was not eligible for such review since it was not "used exclusively for residential purposes" (RPTL 730 [1] [a]). The Town's objection was premised on Kaufmann's having successfully petitioned the Town earlier that year for permission to establish a professional office for the practice of psychiatry in his home. The Town accordingly argued, in its effort to have Kaufmann's petition dismissed, that this property, inasmuch as it was ultimately improved "as a multi-use property, part professional office and part residence" did not qualify for small claims assessment review, but, rather, that the appellants were relegated to the remedy provided by Real Property Tax Law article 7, a tax certiorari proceeding.

The Hearing Officer granted the appellants' petition. The Supreme Court vacated that determination and granted the Town's petition, reasoning that "[t]he clear meaning of the language in Section 730 of the Real Property Tax Law, which reads 'exclusively for residential purposes' must be read to shut out premises having any other uses from the ambit of the statute". We agree.

"Generally, a statute is to be construed according to the ordinary meaning of its words * * * and resort to extrinsic matter is inappropriate when the statutory language is unambiguous and the meaning unequivocal" (Sega v State of New York, 60 NY2d 183, 190-191). The appellants' argument that the clear import of the statute should be disregarded in light of the legislative history of the 1982 amendments of the statute excluding other than purely residential premises from such review (L 1982, chs 531, 714), which expressly declare ineligible for small claims review residential property located above commercial storefronts (mem of Div of Budget, July 7, 1982) and, according to the appellants, was intended to exclude only such or similar properties, is unavailing. We do not discern such an intention from the document referred to and, in any event, as the court explained in Sega v State of New York (supra, at 191): "While legislative intent is the great and controlling principle * * * it should not be confused with legislative history, as the two are not coextensive. Inasmuch as the legislative intent is apparent from the language of [the statute], there is no occasion to consider the import, if any, of the legislative memorandum". Thompson, J. P., Kunzeman, Rubin and Harwood, JJ., concur.